**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| John Bray, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO** |
| | ) | **COMPEL DISCOVERY AND** |
| v. | ) | **DEFERRING RULING ON MOTION** |
| | ) | **FOR SANCTIONS** |
| Charles Ninneman, and Colene Ninneman | ) | |
| d/b/a Impact Fireworks, and STL, Inc. d/b/a | ) | |
| Generous Jerry's Fireworks, | ) | Case No.: 1:24-cv-00221 |
| | ) | |
| Defendants. | ) | |

On February 23, 2026, Defendants Charles Ninneman and Colene Ninneman d/b/a Impact Fireworks (collectively "Defendants"), filed a *Motion to Compel Discovery and for Sanctions*. (Doc. Nos. 35, 36). To date, no one has entered an appearance on behalf of Defendant STL, Inc, and there has been no response from Plaintiff John Bray ("Plaintiff"). For the reasons articulated below, the Court grants Defendants' *Motion to Compel Discovery* (Doc. No. 35) and defers ruling on the *Motion for Sanctions*. (Doc. No. 36).

## I.   BACKGROUND

Defendants served Plaintiff with Interrogatories and Requests for Production of Documents on May 28, 2025. (Doc. No. 35 at 1). Plaintiff was to serve his responses within thirty (30) days, for a deadline of June 27, 2025. (*Id.*).

The Court convened for a status conference to assess the status of the above-captioned matter on August 18, 2025, at which time Plaintiff was ordered to retain substitute counsel or otherwise inform the court as to his progress by September 17, 2025. (Doc. No. 28). To date, Plaintiff has not retained substitute counsel or informed the court of his progress.

Defendants filed a Motion to Dismiss for Lack of Prosecution on September 25, 2025. (Doc. No. 29). On October 27, 2025, the Court issued a Report and Recommendation, wherein it was recommended that the motion be denied. (Doc. No. 30).

On October 28, 2025, Defendants sent a letter via certified mail and regular mail to Plaintiff regarding a meet and confer. (Doc. No. 35 at 2). On December 1, 2025, Defendants sent a letter via certified mail and regular mail to Plaintiff regarding a meet and confer and to find out the status of the discovery requests. (*Id.*). Plaintiff did not sign for the October 28, 2025, or December 1, 2025, letters. (*Id.*).

On November 17, 2025, the presiding trial judge adopted the Report and Recommendation and denied the Motion to Dismiss for Lack of Prosecution. (Doc. No. 31).

On January 22, 2026, Defendants contacted Plaintiff by telephone, during which time Plaintiff indicated he had the outstanding discovery requests and would start sending the documents in his possession. (Doc. No. 35 at 2).

On February 3, 2026, Defendants filed a Motion for Hearing (Doc. No 32), requesting a discovery conference to discuss Plaintiff's failure to respond to its discovery requests. (Doc. No. 32). On February 4, 2026, the court granted Defendants' motion and scheduled a hearing for February 13, 2026. (Doc. No. 33). Plaintiff failed to appear or participate in the hearing on February 13, 2026. (Doc. No. 34).

On February 23, 2026, Defendants filed a Motion to Compel Discovery and for Sanctions. (Doc. Nos. 35, 36). Therein, Defendants requested the court compel Plaintiff to respond to written discovery and/or sanction Plaintiff for his failure to provide responses to discovery, to include dismissal of the matter with prejudice, costs, and other relief as deemed proper by the court. (*Id.* at 3). To date, Defendants have not received responses to the Interrogatories or the Requests for

Production of Documents. (Doc. No. 35 at 2). Attempts by Defendants to contact Plaintiff have been unanswered. (*Id.*).

## II.   DISCUSSION

Rule 26 of the Federal Rules of Civil Procedure governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense ad proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). A party may serve on another party interrogatories. Fed. R. Civ. P. 33(a). Any answer or objection must be served within thirty (30) days of being served with interrogatories, and to the extent the interrogatory is not being objected to, must be answered fully. Fed. R. Civ. P. 33(b)(2)-(3). Similarly, a party must respond in writing within thirty (30) days of being served with requests for production of documents. Fed. R. Civ. P. 34(b)(2)(A). Failure to answer interrogatories, to produce documents, or to permit inspection, may result in the party seeking discovery to move for a motion to compel. Fed. R. Civ. P. 37(a)(3)(B)(iii)-(iv).

Failure to obey an order to provide or permit discovery may result in sanctions, including but not limited to, dismissal of the action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v). "Because dismissal is an extreme result, [the court has] allowed dismissal to 'be considered as a sanction only if there is: (1) an order compelling discovery; (2) a willful violation of that order; and (3) prejudice to the other party.'" *Schubert v. Pfizer, Inc.*, 459 Fed.Appx. 568, 572 (8th Cir. 2012) (quoting *Keefer v. Provident Life and Acc. Ins. Co.*, 238 F.3d 937, 940 (8th Cir. 2000)). Courts have identified willful violation and bad faith in circumstances where a party has repeatedly engaged in discovery abuses, to include failures to appear at depositions, repeated failure or delay to produce discovery, violations of discovery orders, and untimely attempts to seek discovery.

3

*Kasso v. City of Minneapolis*, No. 23-CV-2782 (KMM/DLM), 2026 WL 472911, at *3 (D. Minn. Feb. 19, 2026). Prior to imposing a sanction of dismissal, the court must determine whether a less extreme sanction is appropriate, unless the party failed to comply deliberately or in bad faith. *See Id.*

Pursuant to Local Rule 37.1, a party may not file a motion pertaining to a discovery dispute until the parties have conferred in good faith in an effort to resolve the dispute without court involvement. D.N.D. Civ. L.R. 37.1(A). In addition, if the parties cannot resolve the dispute, the parties must participate in a conference with the assigned magistrate judge prior to filing the appropriate motion. D.N.D. Civ. L.R. 37.1(B). Defendants attempted to contact Plaintiff on numerous occasions, including through telephone and certified and regular mail, to engage in a meet and confer. Plaintiff failed to meaningfully participate, and upon Defendant' request for a discovery conference with the Court, failed to appear or participate. Finding Defendants had satisfied the requirements outlined in Local Rule 37.1, the Court permitted Defendants to file the instant motion.

To date, Plaintiff has not responded to Defendants' motion, nor has he provided Defendants with responses to Interrogatories and Requests for Production of Documents. Responses were due within thirty days, with a deadline of June 27, 2025. That deadline has long since lapsed. Although proceeding *pro se*, Plaintiff has had more than ample time to comply with his discovery obligations yet has not done so. *See Bennet v. Dr. Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (concluding *pro se* status does not entitle a litigant to disregard the Federal Rules of Civil Procedure or a district's local rules); *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives.").

As there is no indication that Plaintiff has complied with his discovery obligations and has had ample time to provide discovery to Defendants, Plaintiff is ordered to provide Defendants with his signed Answers to Interrogatories and Responses to Requests for Production of Documents within fourteen (14) days from the filing of this Order.

The Court next turns to Defendants' request for sanctions. Sanctions are governed by Federal Rules of Civil Procedure 37. Pursuant to this Rule, if a motion to compel is granted, the Court must require the party whose conduct necessitated the motion to pay reasonable expenses incurred in making the motion, to include attorney's fees, subject to limited exceptions. Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

The Court does not find any of the exceptions applicable here. While acknowledging Plaintiff is proceeding *pro se*, he is not proceeding *in forma pauperis*. More importantly, this Court has issued repeated warnings to Plaintiff that failure to meaningfully participate in this matter may result in the imposition of sanctions, and if he did not wish to proceed with this action, he was to promptly inform the Court, which has not been done to date. (*See* Doc. Nos. 30, 31).

While Defendants request the imposition of sanctions, there is no briefing discussing the amount of fees and costs incurred. The Court is hesitant to issue monetary sanctions without allowing Plaintiff opportunity to respond. Accordingly, Defendants shall compile the total fees and costs incurred in bringing the instant motion and shall submit it to the Court for its review within fourteen (14) days from the date of this Order. Plaintiff shall have seven (7) days from the date of filing to respond to Defendants' accounting of the fees and costs incurred.

Should Plaintiff fail to fully comply with this Order by the time his response is due, the Court will consider further sanctions, including, but not limited to, recommending dismissal of this action with prejudice. Plaintiff is again reminded of his responsibility to comply with the Local

Rules for the District of North Dakota, the Federal Rules of Civil Procedure, and this Court's Orders.

## III.    CONCLUSION

For the reasons articulated above, the Court **GRANTS** Defendants' *Motion to Compel Discovery* (Doc. No. 35), and **DEFERS** ruling on the *Motion for Sanctions* (Doc. No. 36) pending further briefing. Plaintiff shall provide Defendants with his signed Answers to Interrogatories and Responses to Requests for Production of Documents within fourteen (14) days from the date of this Order. Defendants shall compile the total fees and costs incurred in bringing the instant motion and submit it to the Court for its review within fourteen (14) days from the date of this Order. Upon submission, Plaintiff shall have seven (7) days to respond. If Plaintiff has not complied in full with this Court's Order at the time Plaintiff's response is due, the Court will consider additional sanctions, up to and including, the recommended dismissal of this action with prejudice.

**IT IS SO ORDERED.**

Dated this 25th day of March, 2026.

*/s/ Clare R. Hochhalter*
Clare R. Hochhalter, Magistrate Judge
United States District Court

6